UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Gorski & Knowlton PC
By: Allen I. Gorski, Esquire
311 Whitehorse Avenue, Suite A
Hamilton, New Jersey 08610
(609) 964-4000
(609) 528-0721 – facsimile
Agorski@gorskiknowlton.com
Attorneys for Debtor

Order Filed on June 21, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

PV Pets, LLC,

     Debtor.

Case No.: 24-15472-JNP

Chapter 11

Judge: Jerrold N. Poslunsy, Jr.

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

The relief set forth on the following pages, numbered two (2) through seven (7) is hereby

**ORDERED.**

**DATED: June 21, 2024**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

THIS MATTER is before the Court on the motion of PV Pets, LLC (the "Debtor") for authority to use cash collateral on an interim basis pursuant to Bankruptcy Rule 4001(b) and 11 U.S.C. Section 363(c)(2)(B). Notice of the motion together with notice of the preliminary hearing thereon has been given and served by the Debtor to the (1) the United States Trustee, (2) the Debtor's secured creditors, (3) any committee appointed under Section 1102 if one has been appointed, and if not, to the twenty (20) largest unsecured creditors on the Rule 1007(d) list. The Court considered the motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

**A. Notice and Hearing**. Notice of the motion and order shortening time pursuant to D.N.J. LBR 9013-1(e) and Federal Rule of Bankruptcy Procedure 9006( c) for the preliminary hearing on the Debtor's use of cash collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), [or if by Consent, under Federal Rule of Bankruptcy Procedure 4001(d)] which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

**B. Chapter 11 Filed**. Debtor filed its petition under Chapter 11 of the Bankruptcy Code on May 30, 2024 (the "Petition Date") and is presently operating as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

**C. Pre-Petition Debt**. US SBA, (the "Secured Creditor") has asserted a secured claim against the Debtor in the approximate principal amount of approximately $150,000.00 (the "Pre-Petition Debt") as of the Petition Date. Merchant cash advances also listed on Schedule D of the petition asserted secured claims. The SBA and merchant cash advances are collectively referred to as "secured creditors".

The Debtor has acknowledged and agreed that TD Bank has, as of the Petition Date, a valid and subsisting first lien and security interest in the Debtor's accounts, inventory, and other collateral, which is or may result in cash collateral (the "Collateral") securing the Debtor's indebtedness, in the principal amount of approximately $150,000.00, together with accrued interest, fees and costs, which indebtedness

2

is not subject to defense, offset or counterclaim of any kind or nature and that said debt is an allowed, fully secured claim under Sections 506(a) and 502 of the Bankruptcy Code. The merchant advance creditors (listed on Schedule D) have valid and existing subordinate liens on the debtor's accounts receivable. Said determination shall be binding upon the Debtor-in-Possession, but shall not bind any Creditors' Committee, the United States Trustee or successor-in-interest to the Debtor-in-Possession, who shall have sixty (60) days after appointment to contest the scope, validity, perfection and/or amount of US SBA and merchant advance creditors secured liens.

**D. <u>Pre-Petition Collateral</u>**. The Secured Creditors have made a prima facie showing that it has a properly perfected lien on the Debtor's property (including proceeds) at the commencement of the case, including the Debtor's accounts, inventory and other collateral which is or may result in cash collateral.

**E. <u>Cash Collateral</u>**. "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in UCC Section 9306.

**F. <u>Necessity and Best Interest</u>**. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11. The Debtor requires immediate authority to use cash collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtor's use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtor's budget, annexed hereto as Exhibit A, for the time period from May 30, 2024 (the Petition Date) forward (the "Cash Collateral Budget").

**G. Purposes**. The Debtor is authorized to use cash collateral to meet the ordinary cash needs of the Debtor (and for such other purposes as may be approved in writing by the Secured Creditor) for the payment of actual expenses of the Debtor necessary to (a) maintain and preserve its assets, and (b) continue operation of its business, including payroll and payroll taxes, and insurance expenses as reflected in the cash collateral budget.

The Court having determined there is a reasonable likelihood that the Debtor will prevail upon the merits at the final hearing of the Motion as required by Section 363(c)(3) of the Bankruptcy Code, and for good cause shown, it is

**ORDERED,** as follows:

**1. Use of Cash Collateral**. The Debtor is authorized, for the periods and in accordance with the cash collateral budget attached hereto as Exhibit A, to use cash collateral for the following purposes:

    **a.** maintenance and preservation of its assets;

    **b.** the continued operation of its business, including but not limited to payroll, payroll taxes, employee expenses, and insurance costs;

    **c.** the completion of work-in-process; and

    **d.** the purchase of replacement inventory.

**2. Adequate Protection**. As adequate protection for use of cash collateral, the Secured Creditors is **GRANTED**:

    **a. Replacement Lien**. A replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent the Secured Creditors' cash collateral is used by the Debtor, to the extent and with the same priority in the Debtor's post-petition collateral, and proceeds thereof, that the Secured Creditor held in the Debtor's pre-petition collateral.

    **b. Statutory Rights Under Section 507(b)**. To the extent the adequate protection provided for hereby proves insufficient to protect the Secured Creditors' interest in and to the cash collateral, the

4

Secured Creditors shall have a superpriority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding.

  **c. Deemed Perfected**. The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of the Secured Creditors taking possession, filing financing statements, mortgages or other documents. Although not required, upon request by the Secured Creditor, Debtor shall execute and deliver to the Secured Creditor any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the Secured Creditor to be necessary in order to perfect the security interests and liens in the Debtor's post-petition collateral and proceeds granted by this Order, and the Secured Creditor is authorized to receive, file and record the foregoing at the Secured Creditors' own expense, which actions shall not be deemed a violation of the automatic stay.

  **d. Periodic Accountings**. Within fourteen (14) days of the entry of this Order, the Debtor shall provide monthly periodic accountings to the Secured Creditors setting forth the cash receipts and disbursements made by the Debtor under this Order. In addition, the Debtor shall provide the Secured Creditors all other reports required by the pre-petition loan documents and any other reports reasonably required by the Secured Creditors, as well as copies of the Debtor's monthly United States Trustee operating reports. Upon appointment of a Creditor's Committee, the Debtor shall submit a copy of the monthly U.S. Trustee operating reports to counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairman of said Committee.

  **e. Default Hearing**. In the event Debtor defaults or violates this Order, the Secured Creditors are entitled to request a hearing within fourteen (14) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within 48 hours).

**3. Creditor's Rights of Inspection and Audit**. Upon reasonable notice by the Secured Creditors, Debtor shall permit such creditor and any of its agents reasonable and free access to the Debtor's records and place of business during normal business hours to verify the existence, condition and location of collateral in which said creditor holds a security interest and to audit Debtor's cash receipts and disbursements.

**4. Interlocutory Order and No Modification of Creditor's Adequate Protection**. This is an interlocutory order. Nothing contained herein shall be deemed or construed to (a) limit the Secured Creditor to the relief granted herein: (b) bar the Secured Creditor from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of same: or ( c) require the Secured Creditor to make any further loans or advances to the Debtor. The Order may be modified for cause shown by the Debtor, the Secured Creditor or any other party-in-interest on due notice. No such modification, however, shall deprive the Secured Creditor of its interest in Debtor's property (pre-petition and post-petition).

**FINAL HEARING ORDER**

**IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN** that any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtor on or before the 25th day of June of 2024, at Gorski & Knowlton PC, 311 Whitehorse Avenue, Suite A, Hamilton, New Jersey 08610, a written objection and shall appear to advocate said objection at a Final Hearing to be held at 2:00PM a.m. on the 2nd day of July, 2024 in Courtroom 4C of the United States Bankruptcy Court, 401 Market Street, 4th Floor, Camden, New Jersey. In the event no objections are filed or not advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3).

**NOTICE ORDER**

**IT IS FURTHER ORDERED** that the Debtor serve a copy of this Order and Notice by first class mail within one (1) business day from the date hereof, on (1) the United States Trustee, (2) the District Director of the Internal Revenue Service, (3) the New Jersey Division of Taxation, (4) all known secured creditors and (5) counsel to any committee appointed under Section 1102 of the Bankruptcy Code, if one has been appointed and if not, to Debtor's twenty (20) largest Rule 1007(d) unsecured creditors. Debtor shall immediately file with the Clerk a Certificate of Service of said mailing.